UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHY JAHNS,<br><br>               Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>               Defendant. | CASE NO.   C05-5408FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for March 10, 2006 |

      This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff, Cathy Jahns, was born in 1945,  She has a college education with a degree in art education and a Masters of Arts and Teaching.  Plaintiff has past work experience as a college professor/instructor, working at Clark Community College from 1977 through June 1992, when she decided to take an early retirement.

      In 1994, Plaintiff applied for disability insurance benefits, which was denied by the administration. On September 25, 2001, Plaintiff filed her current application for disability insurance benefits, alleging disability since June 1, 1993, due to chronic depression, panic disorder, generalized anxiety disorder,

obsessive compulsive disorder, inability to tolerate stress, limb pain syndrome, post-traumatic stress disorder, and social anxiety phobia.

The application was denied initially (Tr. 62-65) and on reconsideration (Tr. 68-70). After a hearing held on February 11, 2003 (Tr. 589-638), ALJ Marguerite Schellentrager issued a decision on May 16, 2003 (Tr. 43-55), finding Plaintiff not disabled within the meaning of the Social Security Act, and, therefore, not entitled to disability insurance benefits because she could perform her past relevant work as a college professor/instructor (Tr. 54, Findings 6-8). The court notes that Judge Schellentrager gave plaintiff the benefit of any doubt, stating that the medical evidence did not support the limitations and residual functional capacity analysis (Tr. 54).

On December 5, 2003, the Appeals Council found Judge Schellentrager failed to properly consider the lay witness evidence and granted Plaintiff's request for review. The matter was thus remanded for further proceedings (Tr. 59-61).

A hearing was held before ALJ Verrell Dethloff on December 16, 2004 (Tr. 639-672). On March 5, 2005, ALJ Dethloff issued a decision (Tr. 18-38), focusing on the relevant time period from June 1, 1993, the date of Plaintiff's alleged disability onset, through December 31, 1997, her date last insured. Judge Dethloff concluded that Plaintiff did not have a severe impairment because there was no evidence of a medical condition that would significantly limit her ability to perform basic work-related functions (Tr. 18-38; Tr. 38, Finding 5). On May 25, 2005, the Appeals Council issued a decision adopting ALJ Dethloff's recommended decision, finding the ALJ properly reviewed the medical evidence and the lay witness testimony (Tr. 6-11). The Appeals Council's decision adopting ALJ Dethloff's recommended decision was therefore the Commissioner's final decision in this case (Tr. 6-11, 18-38). See 20 C.F.R. §§ 404.979, 404.981, 422.210.

Plaintiff requested a review of the ALJ's decision with the administration's Appeals Council, and on December 10, 2004, the Appeals Council affirmed the ALJ's decision. Ms. Jahns now seeks judicial review by this court pursuant to 42 U.S.C. § 405(g). Specifically, Ms. Jahns raises the following issues:

   1. the ALJ's assessment of Plaintiff's severe impairments is not supported by the substantial evidence of record and it is contrary to law; and

   2. the ALJ erred in failing to reopen the prior unfavorable determination.

REPORT AND RECOMMENDATION
Page - 2

1   After reviewing the record the undersigned finds the ALJ's decision is properly supported by the
2   record and free of any legal error.  The Court should affirm the administrative decision.

## DISCUSSION

4   This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary
5   applied the proper legal standard and there is substantial evidence in the record as a whole to support the
6   decision.  <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant
7   evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>,
8   402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
9   but less than a preponderance.  <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v.
10  Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
11  interpretation, the Court must uphold the Secretary's decision.  <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th
12  Cir. 1984).

13  Step-two of the administration's evaluation process requires the ALJ to determine whether an
14  impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not
15  severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a),
16  416.921(a).  The  Social Security Regulations and Rulings, as well as case law applying them, discuss the
17  step-two severity determination in terms of what is "not severe."  According to the Commissioner's
18  regulations, "an impairment is not severe if it  does not significantly limit [the claimant's] physical ability to
19  do basic work  activities,"  20 C.F.R. §§ 404.1520(c),  404.1521(a)(1991).  Basic work activities are
20  "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting,
21  pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-
22  28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the
23  evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability
24  to work." *See* SSR  85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR
25  85-28)(emphasis added).

26  Here, the ALJ summarized the above standard in detail and found no severe mental or physical
27  impairments.  After evaluating first Ms. Jahns allegations of mental impairment and then her allegations of
28  physical impairment, ALJ Dethloff concluded, "[S]he has demonstrated no medially determinable mental

impairment prior to her date last insured, I find that she has demonstrated no severe impairment prior to her date last insured" (Tr. 34).

With respect to mental impairments ALJ Dethloff relied on the State agency psychologists Thomas Clifford, Ph.D., and Anita Peterson, Ph.D., who "reviewed the file and determined that the claimant had insufficient evidence of any severe mental impairment during the relevant time period (exhibit 17F), due to the lack of any relevant medical reports (exhibit 17F:13)" (Tr. 29).  Judge Dethloff noted that State agency psychologists are experts in the Social Security disability programs (Tr. 29).   With his reliance on these medical professionals, the ALJ necessarily rejected the opinion of Barbara Minchin, an ARNP.  Plaitniff argues that Ms. Minchin's opinion is entitled to more weight given by the ALJ, but the court is not persuaded by this argument.  Ms. Minchin is not a medically acceptable source.  20 C.F.R. § 404.1513(a).  Moreover, even if Ms. Minchin was considered an acceptable medical source, the evidence is contradicted by the opinions of the State agency psychologists, and the ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).

With regard to the physical impairments and lack of medical evidence in the record necessary to establish a severe impairment, plaintiff argues the record includes medical records from the 1980's, treatment records from Dr. Bong (through the late 1980's until 1991), a 1994 examination by Dr. Hing, and treatment by Dr. Reinstra and Dr. Bartl in 1997 to support her application.

The ALJ properly summarized this evidence in his opinion. ALJ Dethloff specifically made reference to Judge Schellentrager's opinion and incorporated her discussion of the medical evidence into his opinion.   Jude Dethloff found the medical evidence from the 1980's "too remote" and he noted that the symptoms waxed and waned at times while Ms. Jahns continued to work until June 1992.   Dr. Bong's record was reviewed by the administration on Ms. Jahns' 1994 application, and the opinion reflects that by 1991 her medical condition was progressing well.  Dr. Bong reported that she denied any persistent numbness or tingling in her hands and no use of anti-inflammatories (Tr. 274).  Judge Schellentrager noted that in January 1990, Ms Jahns was working full time and Dr. Bongs records indicated that symptoms involving her wrist and ankle pain had completely resolved (Tr. 48).  The opinion of Dr. Bong supports Judge Dethloff's decision.

Judge Dethloff reasonably addressed the opinion and record of Dr. Hing and Dr. Reinstra.   Dr.

REPORT AND RECOMMENDATION
Page - 4

Hing examined Ms. Jahns in 1994 at the request of the administration in 1994, which, as noted above, led to an eventual denial by the administration. Judge Dethloff's opinion addressed Dr. Hing's report, stating, "[A] review of the claimant's relevant medical records, x-rays in April 1994 showed some degenerative cervical disc disease at C5-6-7 that could possibly be consistent with a reduced range of neck motion at the time. But her functioning at the physical examination was normal and the balance of the imaging studies were not remarkable (exhibit 6F:1-3). Her cervical disc changes are not consistent with her alleged symptoms" (Tr. 32).

The ALJ also addressed the records of Dr. Rienstra, who summarily opined on September 3, 1999, "Cathy Jahns is disabled and has been unable to work since1993" (Tr. 310). ALJ Dethloff found that the opinion of Dr. Reinstra was insufficient to meet Ms. Jahns' burden of producing objective medical evidence to support her application for disability benefits and he rejected Dr. Rienstra's opinion of disability, stating:

> That opinion was unsupported by reference to clinical findings, objective clinical evidence, or specific limitations. Indeed, Dr. Rienstra's office notes do not show any findings that would be consistent with severe impairments (exhibit 8F). It is noted that Dr. Rienstra's treatment modalities consisted of an unusual dietary regimen (exhibit 8F), which seems a bit odd for the claimant's asserted impairments. It appears that Dr. Rienstra had not seen the claimant for at least 18 months, and his pronouncements are clearly inconsistent with the annotations in her record that the claimant was walking 40 minutes three times a week in September 1997, close to the date last insured.

(Tr. 32-33). The ALJ properly did not give much weight to Dr. Rienstra's opinion for the reasons stated. Dr. Reinstra's treatment notes do not support a severe impairment. On September 22, 1997, Dr. Reinstra's noted plaintiff reported "twice as much energy, attitude fantastic" with the ability to walk 40 minutes, three times per week (Tr. 304). An ALJ need not accept a treating physician's opinion that is brief and conclusory in form with little in the way of clinical findings to support its conclusion. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Similarly, the court finds the ALJ properly evaluated the records of Dr. Bartl, whose records do not establish a severe impairment (foot pain alleviated with the use of orthotics (Tr. 302)).

In sum, Plaintiff cites to evidence both before and after her date last insured in support of her contention that she had a severe physical impairment prior to her date last insured. On review of the ALJ's decision, the court finds that the administration reasonably concluded that Plaintiff has not demonstrated how any of the evidence that she generally points to establishes that she had a severe physical impairment that significantly limited her physical or mental ability to do basic

REPORT AND RECOMMENDATION
Page - 5

1  work activities in order to meet her burden of proving a severe physical impairment prior to her
2  date last insured.  The ALJ's decision is properly supported and free of legal error.

## CONCLUSION

Based on the foregoing, the court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 10, 2006**, as noted in the caption.

DATED this 17th day of February, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge